## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BENEDICT WEATHERLY,

    Petitioner,

v.                                Case No. 8:03- CV-272-T-27MSS

JAMES V. CROSBY, JR., et al.,

    Respondents.

_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging his 2001 convictions for aggravated assault with a deadly weapon and criminal mischief entered by the Twelfth Judicial Circuit Court, Manatee County, Florida. Respondent filed a response to the petition (Dkt. 8). Despite having been afforded an opportunity to do so, *see* Dkt. 9, Petitioner has not filed a reply thereto. The matter is now before the Court for consideration of the merits of the petition.

### Background

Represented by counsel, Petitioner entered a nolo contendere plea to the charges of aggravated assault with a deadly weapon and criminal mischief on March 9, 2001 (Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Change of Plea Hearing). On April 11, 2001, he was sentenced to a term of 60.225 months in prison on each count (Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Sentencing Hearing). Petitioner did not file a direct appeal.[1]

---

[1] On February 4, 2002, Petitioner filed a *pro se* petition for belated appeal. A commissioner was appointed to take testimony on Petitioner's allegation that despite having been requested to do so, trial counsel failed to file a direct appeal on his behalf. Following an evidentiary hearing, the commissioner recommended denial of the petition. The state court denied Petitioner's request to file a belated appeal on July 15, 2002. *See Weatherly v. State*, 825 So.2d 391 (Fla. 2d DCA 2002) (table decision).

On April 27, 2001, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. The trial court denied the motion on May 30, 2001. On May 22, 2001, Petitioner filed a motion to dismiss his Rule 3.850 motion. The trial court vacated its May 30, 2001 dismissal order and granted Petitioner's motion to voluntarily dismiss his Rule 3.850 motion on November 15, 2001. *See* Dkt. 6, Ex. 6, Attach. (unnumbered), Order Granting Defendant's Motion to Dismiss 3.850 Motion; Order Vacating Prior Order Denying Relief Pursuant to Rule 3.850.

On August 2, 2001, Petitioner filed a *pro se* motion for reduction and/or mitigation of sentence. His motion was denied August 21, 2001. Petitioner filed a second *pro se* Rule 3.850 motion on January 25, 2002, alleging that (1) his plea was involuntary as a result of misadvice of counsel; and (2) he was denied his right to effective assistance counsel when trial counsel: (a) misadvised him that if he entered a plea to the negotiated 75-month cap he would receive a downward departure sentence; (b) failed to prepare properly for sentencing; and (c) failed to fully investigate the charges and interview the victim before advising Petitioner to enter a plea. *See* Dkt. 6, Ex. 6, Attach. (unnumbered). The trial court denied the Rule 3.850 motion on July 29, 2002 (Dkt. 6, Ex. 7). The appellate court affirmed per curiam, without written opinion, the trial court's decision on October 18, 2002, with the mandate issuing on November 14, 2002. *Weatherly v. State*, 833 So.2d 138 (Fla. 2d DCA 2002) (table decision).

Petitioner filed the present petition on February 18, 2003 (Dkt. 1). He raises the following claims for relief in the petition:

1. Trial counsel coerced Petitioner to enter a plea by misadvising him that if he plead guilty to the charged offenses he would be sentenced to an in-patient psychological program; and

2

> 2. Trial counsel was ineffective for failing to investigate the Petitioner's case prior to advising Petitioner to enter a plea.

Dkt. 1. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under 28 U.S.C. §§ 2254(d)-(e) (Dkt. 8 at 1). The Court agrees.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent,* 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright*

3

*v. Sec. of Dept. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003). "[A] state court's decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* at 16 (quoting *Early v. Packer*, 537 U.S. 3, 7-8 (2002)). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citation omitted).   A state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), signed into law on April 24, 1996, amended the statutes governing federal habeas relief for state prisoners. Since Petitioner's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

In his claims for relief, Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. According to clearly established federal law enunciated by the United States Supreme Court, to establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

4

(1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

The two-part test articulated in *Strickland* applies to cases in which the petitioner challenges a plea based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Agan v. Dugger*, 835 F.2d 1337, 1340 n.6 (11th Cir. 1987), *cert. denied*, 487 U.S. 1205 (1988). Counsel owes a lesser duty to a client who enters a plea than to one who decides to go to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in relation to the facts so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To be entitled to collateral relief, a defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson*, 397 U.S. 759, 774 (1970). Petitioner must overcome a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance.

In the context of guilty pleas, the first half of the *Strickland* test is a restatement of the standard for attorney competence set forth in *Tollett v. Henderson*, 411 U.S. 258 (1973), and *McMann v. Richardson*, 397 U.S. 759 (1970). The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for

5

counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59; *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir.1990). The *Strickland* test is equally applicable to cases in which the petitioner challenges a plea of nolo contendere based on ineffective assistance of counsel, as that type of plea is treated as an admission of guilt, and "the law applicable to a guilty plea is also applicable to a plea of nolo contendere." *Carter v. Collins*, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990) (citing *Hudson v. United States*, 272 U.S. 451 (1926); *Norman v. McCotter*, 765 F.2d 504, 509-11 (5th Cir. 1985)).

Each claim Petitioner presents was raised and rejected in his Rule 3.850 proceedings. A review of the decision rejecting these claims confirms that the state court set forth the correct standard of review for an ineffective assistance of counsel claim, as enunciated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. at 687. See Dkt. 6, Ex. 7 at 3-4. Thus, to be entitled to relief under § 2254, Petitioner must establish that the state court's application of the *Strickland* standard in reaching the determination that the claims raised in his Rule 3.850 motion lack merit was objectively unreasonable or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d). Whether a criminal defendant has received effective assistance of counsel is a mixed question of law and fact. The underlying factual findings of the state court are, however, presumptively correct unless rebutted by "clear and convincing evidence." 28 U.S.C. 2254(e).

**Ground One**

Petitioner asserts that trial counsel's performance was deficient because he misinformed Petitioner that if he entered a plea he would be sentenced to an in-patient psychological program. In rejecting this claim, the trial court held:

6

> The transcript of the plea hearing indicates that the Defendant was well aware that he was entering a plea in each case in return for a "wrap offer" from the State with a 75-month sentencing cap. (3/9/01 Tr. at 6) Under the agreement, the Defendant was entitled to a sentencing hearing. (*Id.*) As well, the Defendant indicated that no one had made him any promises other than what was stated in open court, and no one had threatened or coerced him into entering his plea. (3/9/01 Tr. at 5).
>
> As noted by the State in its Response, although the Defendant "hoped" he would be sentenced to treatment, he was well aware that he was pleading to a sentencing cap of 75 months. This is reflected in the Acknowledgment and waiver of Rights signed by the Defendant. It is also reflected in the Defendant's testimony at his recent hearing for belated appeal on April 22, 2002. At that time, although the Defendant again stated he was promised treatment, he agreed with the State that his counsel was going to "attempt" to get him a downward departure at the original sentencing hearing, but he did not get the downward departure he was hoping for. (4/22/02 Tr. at 12-14).
>
> Finally, the Court would note that the Defendant's own statement at his sentencing hearing belie his current position. At his sentencing, the Defendant acknowledged, "Maybe I deserve prison. Maybe the Court feels I deserve all of what the State wants." Nonetheless, the Defendant implored the Court several times to give him "help." (4/11/01 Tr. 31-33) Through these words, the Defendant acknowledged his true understanding, *i.e.*, he entered a plea with the knowledge that he could go to prison for up to 75 months, but that he could argue for a downward departure (*i.e.*, "help") at the sentencing hearing. Quite simply, counsel never guaranteed him a downward departure, nor did he enter his plea based on the understanding that he would not go to prison.

Dkt. 6, Ex. 7 at 4-5.

As the trial court found, the record refutes Petitioner's claim. He executed a plea form which provided for an adjudication of guilt with the sentence to be determined by the trial court, subject to a negotiated cap of 75 months imprisonment. The trial court judge carefully explained to Petitioner the consequences of his plea. While Petitioner did not acknowledge on the record that he understood that by pleading nolo contendere he subjected himself to the possibility of being sentenced to serve up to 75 months in prison, any misunderstanding he may have had in this regard was cured during the change of plea hearing when trial counsel and the trial court judge discussed the cap of 75 months included in the plea

7

agreement. The trial court asked: ". . . there was no room for negotiation, so he's going to get 75 months?" Trial counsel responded "[n]o your honor, we are deferring for a sentencing hearing with a cap of 75 months" (Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Change of Plea Hearing at 6).

Petitioner stood silent at sentencing while the prosecutor and trial counsel confirmed on the record that Petitioner had agreed to enter his plea in exchange for the promise of a 75-month cap on his sentences (Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Sentencing Hearing at 18-21). During the sentencing proceeding, Petitioner addressed the trial court. He requested mitigation of his sentence, but he did not request to withdraw his plea based on a misunderstanding of the terms thereof.

Finally, as the trial court pointed out, Petitioner's testimony during the hearing on his petition to file a belated appeal demonstrates that when he appeared for sentencing, Petitioner knew that he was facing the prospect of being sentenced to prison. *See* Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Hearing on Petition for Belated Appeal at 11 (in describing what transpired at the sentencing hearing, Petitioner testified: "I didn't know what to do. I didn't know if I would incriminate myself or if I was going to receive more time than what I was supposed to get.").

The Court finds no evidence in the record to support Petitioner's claim that trial counsel coerced him into entering his plea. The Supreme Court has determined that "the representations of the defendant . . . [at a plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). The Eleventh Circuit has concluded that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due

8

process. If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.) (en banc), *cert. denied,* 502 U.S. 835 (1991).

Petitioner fails to provide any basis for concluding that his plea was not entered voluntarily and intelligently. He was advised by competent counsel, he was made aware of the nature of the charges against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties when he entered his plea. As the transcript of the plea hearing reflects, Petitioner answered questions clearly and responsively and acknowledged a full understanding of his rights (Dkt. 6, Ex. 7, Attach. (unnumbered), Transcript of Change of Plea Hearing at 2-5). *See Brady v. United States,* 397 U.S. 742 (1970).

Petitioner fails to rebut by clear and convincing evidence the trial court's factual finding that trial counsel did not "guarantee" Petitioner a downward departure. *See* 28 U.S.C. § 2254(e). An inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Pease,* 240 F.3d 938, 940-41 (11th Cir. 2001) (rejecting argument by defendant sentenced as a career offender to serve a term of 360 months that his plea was involuntary because he had relied upon counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); *United States v. Arvanitis,* 902 F.2d 489, 494-95 (7th Cir. 1990) (no ineffective assistance where claim based only on inaccurate prediction of sentence); *United States v. Turner,* 881 F.2d 684, 687 (9th Cir.), *cert. denied,* 493 U.S. 871 (1989) (same); *United States v. Sweeney,* 878 F.2d 68, 69 (2d Cir. 1989) (same); *Calabrese v. United States,* 507 F.2d 259, 260 (1st Cir. 1974) (voluntariness of plea not subject to attack

under § 2255 where sentence exceeded that predicted by counsel). Having failed to establish that trial counsel's performance was deficient, Petitioner fails to meet the first prong of the *Strickland* test.

This Court finds that the trial court did not apply a rule that contradicts Supreme Court case law, nor did it arrive at a result contrary to one reached by the Supreme Court in a case with materially indistinguishable facts. The trial court correctly identified the correct standard for reviewing ineffective assistance of counsel claims, and its application of that standard was altogether reasonable. *See* 28 U.S.C. § 2254(d).

**Ground Two**

Petitioner asserts that trial counsel was ineffective for failing to investigate the charge against Petitioner and depose the victim. According to Petitioner, since he was charged with aggravated assault with a deadly weapon, the State was required to prove that the victim was placed in fear for his life. Petitioner contends that because the victim failed to state in his sworn affidavit that he was in fear for his life, Petitioner could not be convicted of aggravated assault. Petitioner states that had trial counsel advised him accordingly, Petitioner would not have entered a plea and would have insisted on proceeding to trial.

The Court finds Respondent's argument that this claim is waived by Petitioner's plea persuasive. Guilty pleas waive all but jurisdictional claims up to the time of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991). This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally

attacked. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)). Petitioner does not challenge trial counsel's conduct of the plea negotiations, and as discussed above, his attempt to impugn the validity of his plea on grounds that trial counsel misinformed him about the possible consequences thereof is refuted by the record.

Where, as in the present case, a defendant understands the charges against him, understands the consequences of the guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review. *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991). "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended. . . the likely penalties attached to alternative courses of action." *Brady v. United States*, 397 U.S. at 756.

Even if the claim were not waived by the plea, Petitioner would not be entitled to the relief he seeks because he fails to make the threshold showing necessary for relief under § 2254. In addressing this claim, the trial court found:

> Defendant alleges that counsel was ineffective because he failed to fully investigate his case before advising him to enter a plea. Specifically, Defendant alleges that counsel failed to investigate and interview the victim, John Morgan. According to Defendant, if counsel had interviewed Morgan, he would have discovered that Morgan did not feel his life was in danger or did not feel violence was imminent while the Defendant was ramming into Morgan's vehicle with his own. As a result, Defendant contends that an essential element of the offense of aggravated assault was missing, and he could not have been convicted.
>
> In order to state a facially sufficient claim for failure to investigate a witness, the Defendant must set forth the identity of the witness, the substance of the witness' testimony, and an explanation of how the omission of that testimony prejudiced the Defendant's case. *See Robinson v. State*, 659 So.2d 444 (Fla. 2d DCA 1995). Although the Defendant identifies the witness, he can only speculate about the substance of witness's testimony, and he fails to demonstrate how the absence of that testimony prejudiced him.

11

> The Defendant points to Morgan's witness statement and says that nowhere in the statement does Morgan say he was in fear for his life or that he felt violence was imminent. Defendant then transforms this omission into an "assertion" by Morgan that he was not in fear for his life nor did he feel that violence was imminent. The witness statement does not, however, support the Defendant's claim.
>
> Morgan's statement indicates that Morgan was attempting to call 911 at the time he was being rammed by the Defendant's vehicle. He subsequently made the Defendant's "friend" get out of his vehicle and fled to a safe distance while still trying to dial 911. The Court finds it unlikely that Morgan was attempting to call 911, after being rammed more than once by the Defendant's vehicle, without fear of imminent violence or fear for his life. Likewise, the Court finds it unlikely that Morgan made his passenger exit the vehicle and "fled" to a safe distance unless he was in fear for his life or in fear of imminent violence. Finally, the Court would note that the state represented at the sentencing hearing that Morgan was in fear for his life at the time of the incident. (4/11/01 Tr. at 31)

Dkt. 6, Ex. 7 at 6-8.

Under Florida law, a well-founded fear in the victim of imminent violence is an essential element of the crime of assault. See *Gilbert v. State*, 244 So.2d 564, 565 (Fla. 1977). However, actual fear need not be strictly and precisely shown. See *Sullivan v. State*, 898 So. 2d 105 (Fla. 2d DCA 2005); *McClain v. State*, 383 So.2d 1146 (Fla. 4th DCA 1980). Where the circumstances surrounding the alleged assault are such as to ordinarily induce fear in the mind of a reasonable person, the requirement that a well-founded fear of imminent violence be created in the victim is met. See *L.R.W. v. State*, 848 So.2d 1263 (Fla. 5th DCA 2005); *Biggs v. State*, 745 So. 2d 1051 (Fla. 3d DCA 1999); *Gaston v. State*, 682 So. 2d 581 (Fla. 2d DCA 1996).

As the trial court observed, Petitioner attempts to transform the absence of a statement by the victim as to fear into an assertion that the victim was not placed in fear for his life or of imminent violence. The trial court found that it was unlikely that the evasive measures taken by the victim would have been undertaken unless he was in fear of imminent violence or for his life. Petitioner has not rebutted the presumption of correctness accorded the trial

court's factual findings. See 28 U.S.C. § 2254(e). Having failed to demonstrated that trial counsel's failure to pursue this line of investigation was unreasonable under prevailing professional norms, Petitioner cannot satisfy the deficiency prong of the *Strickland* test.

Petitioner has failed to establish that the trial court's adjudication of this claim was contrary to, or an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Thus, this claim lacks merit.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that the Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1). The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on January 27th, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to:
All Parties/Counsel of Record
SA:jsh

13